UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARLENE CLAYTON, ET AL

VERSUS

SHERIFF WILLIE GRAVES, ET AL

CIVIL ACTION

NO. 09-614-BAJ-SCR

## ORDER

Plaintiffs, "Darlene Clayton, individually and on behalf of her minor children, Kaitlyn Rushing and Ashley Clayton; and Crystle Huges, individually," filed this wrongful death and survival action on August 4, 2009, asserting claims against defendants pursuant to 42 U.S.C. § 1983 and state tort law, and alleging jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331 and 1367 (complaint, ¶¶ 1, 4-15).[1] On August 12, 2010,[2] having reviewed the applicable law and the record of this matter, the Court found that the complaint failed to allege any personal action or involvement

---

[1] In their complaint, plaintiffs also alleged jurisdiction over the subject matter pursuant to 15 U.S.C. § 1692(d), prompting the Court to note in its order of August 13, 2010:

> 15 U.S.C. §1692(d) addresses abusive debt collection practices in interstate commerce. The statute was cited in the complaint as bestowing additional jurisdiction over the subject matter (complaint, ¶ 1), but as it clearly has no application in this action, it will not be addressed further.

(Doc. 25, n. 1).

Nonetheless, plaintiffs' counsel, through the proposed amendments to the complaint, would continue to allege that 15 U.S.C. § 1692(d) provides this Court with jurisdiction over the subject matter.

[2] Though the order was signed on August 12, 2010, it was filed into the record on the following day and, therefore, bears the filing date of August 13, 2010 on the docket sheet.

by any defendant and so failed to establish a claim under Section 1983 upon which relief can be granted. Rather than dismiss the claims, however, the Court concluded that, pursuant to Rule 15 of the Federal Rules of Civil Procedure, "plaintiffs should be granted an opportunity to amend the complaint to allege facts which establish the standing of all of the individual plaintiffs to assert claims in this action and which establish actionable claims against individual defendants under 42 U.S.C. § 1983" (doc. 25, pp. 5-6). Accordingly, it was ordered that plaintiffs were granted leave to amend the complaint by the 23rd day of August, 2010. (*Id.* at 6). The Court, having allowed plaintiffs an opportunity to amend the complaint, specifically noted that defendants retained the right to file a new motion to dismiss should they so choose. (*Id.*).

Plaintiffs failed to amend the complaint within the time provided by the Court's order, and, on September 8, 2010, defendants filed a second motion to dismiss for failure to state a claim under which relief can be granted (doc. 26). Shortly thereafter, plaintiffs filed a motion for leave to amend the complaint (doc. 27).

Rule 60 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Plaintiffs' counsel asserts that his clients failed to amend the complaint in a timely manner because:

> they believed they had filed a 7(a) reply at the time that they had filed their Opposition to the Motion for Partial Dismissal because one was prepared at the time and evidently has been sitting in the file. Plaintiff's attorney was under the mistaken impression that the 7(a) reply had been filed and because of that there was no reason to comply with the August 23, 2010 date.

(Doc. 27, p. 2).

The reasoning behind counsel's reference to Rule 7(a) is unclear, particularly in light of the Court having noted in the August 12, 2010 order that, "[t]hough Rule 7(a) of the Federal Rules of Civil Procedure does not address amendments to complaints, Federal Rule of Civil Procedure 15 provides that a court should freely give a party leave to amend its pleading 'when justice so requires'" (doc. 25, p. 5). The Court finds that counsel's assumption that he had no reason to comply with the August 12, 2010 order hardly amounts to the kind of excusable neglect, mistake, inadvertence or surprise contemplated by Rule 60. Moreover, even if the Court were to find Rule 60(b)(1) applicable, the proposed amendments to the complaint fail to establish, or even to address, the standing of the plaintiffs to assert wrongful death and/or survival claims in this matter.[3] The court further notes that the proposed amendments to the complaint consist primarily of legal conclusions and fail to state specific facts which establish claims under which relief can be granted pursuant to 42 U.S.C. § 1983.

---

[3] As was pointed out in the August 12, 2010 ruling, "[t]he relationship of the plaintiffs to the decedent . . . is not addressed in the complaint" (doc. 25, n. 2).

3

For all of the foregoing reasons, plaintiff's motion for leave to amend the complaint shall be denied and the claims asserted pursuant to Section 1983 shall be dismissed. Having found that the complaint fails to state actionable claims under Section 1983, the court notes that it lacks jurisdiction to hear the remaining state law claims and thus the entire action shall be dismissed.

## CONCLUSION

Accordingly, plaintiff's motion for leave to amend the complaint, (doc. 27) is hereby **DENIED**, and **IT IS ORDERED** that this action is hereby **DISMISSED**.

Baton Rouge, Louisiana, September 9, 2010

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA